UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 APR 16 PM 4:48

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| MARK F. POULIN,<br>    Plaintiff<br><br>v.<br><br>DYNAPOWER COMPANY, LLC,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br><br>    2:14-cv-74 |

## COMPLAINT

NOW COMES, Plaintiff Mark F. Poulin, ("Poulin" or "Plaintiff"), by and through counsel, and complains against Defendant Dynapower Company, LLC ("the Company" or "Defendant"), as follows:

### NATURE OF CLAIM

1. Plaintiff brings claims against Defendant for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Vermont's Minimum Wage & Overtime Law, 21 V.S.A. § 384.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by federal question jurisdiction, 28 U.S.C. § 1331 as well as 28 U.S.C. § 1343(a) (4). Supplemental Jurisdiction is conferred upon this Court over State law claims by virtue of 28 U.S.C. § 1367(a).

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391, in that the alleged violations of law occurred in this judicial district, Plaintiff is a resident of this district and Defendant is a corporation that operates and maintains a place of business here and is subject to personal jurisdiction in the State of Vermont.



## PARTIES

4. Plaintiff is an individual with a residence in Essex Junction, Vermont.

5. Defendant is a Delaware Limited Liability Company with its principal place of business in South Burlington, Vermont.

6. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. §207(a) (1).

7. At all relevant times, Defendant was an employer within the meaning of 21 V.S.A. § 382.

8. All relevant times Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. § 207(a) (1).

9. At all relevant times, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

10. At all relevant times, Plaintiff was an employee within the meaning of 21 V.S.A. § 383(2).

## FACTS

11. Plaintiff repeats and re-alleges each and every allegation and fact contained in paragraphs 1 through 10 with the same force and effect as if fully set forth herein.

12. At all times relevant to this Complaint, Defendant operated an electrical and mechanical manufacturing facility in South Burlington, Vermont and employed in excess of two-(2) individuals.

13. Defendant employed the Plaintiff for approximately fifteen (15) years.

14. Plaintiff was employed in a customer service position. His work primarily involved customer service, including answering calls from customers and helping them

troubleshoot problems with Defendant's products over the telephone. At times, Plaintiff arranged for sales of parts to Defendant's customers based on guidelines provided to him by the sales department.

15. Plaintiff's primary duty did not involve work directly related to the management or general business operations of the Defendant

16. Plaintiff did what he was told and did not exercise independent judgment and discretion with regard to matters of significance.

17. Plaintiff was subject to close supervision. Plaintiff's supervisor monitored his work by use of Skype audio/video.

18. Plaintiff did not supervise anyone.

19. Plaintiff's typical work schedule was between 7 a.m. until 4:30 p.m. five days a week with an unpaid half hour for lunch.

20. Plaintiff typically worked through his lunch period and his employer knew or should have known he was working through lunch, regularly working 9.5 hours a day, five days a week.

21. Plaintiff was also on-call to troubleshoot customer problems 24 hours a day, 7 days a week, including vacations. Plaintiff reasonably believes that he took calls and worked approximately an additional 2 hours a week, on average, while on-call.

22. Plaintiff reasonably believes he worked 49.5 hours a week, for a total of 9.5 hours of overtime a week.

23. Plaintiff was paid on a salary basis and earned commissions. He was never compensated for overtime hours.

24. Defendant failed and refused to compensate Plaintiff at time and one-half for all hours worked in excess of 40 hours in a workweek despite the fact that Plaintiff was not exempt

3

from the overtime provisions of the FLSA or Vermont's Minimum Wage and Overtime Laws.

## CAUSES OF ACTION

### Count I

**(Willful Violations of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.)**

25. Plaintiff repeats and re-alleges each and every allegation and fact contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. Defendant knew or should have known that Plaintiff worked overtime hours for Defendant.

27. Plaintiff was entitled to overtime compensation under the federal Fair Labor Standards Act.

28. Defendant willfully failed and refused to compensate Plaintiff overtime compensation for overtime hours worked in violation of the FLSA, by showing reckless disregard for its obligations under the FLSA.

### Count II

**(Vermont's Minimum Wage and Overtime Law, 21 V.S.A. §384)**

29. Plaintiff repeats and re-alleges each and every allegation and fact contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. Defendant knew or should have known that Plaintiff worked overtime hours for Defendant.

31. Plaintiff was entitled to overtime compensation under Vermont's Minimum Wage and Overtime Laws.



32. Defendant violated Vermont's Minimum Wage and Overtime Laws by failing and refusing to compensate Plaintiff for overtime compensation.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back pay, liquidated damages in an amount equal to the back pay owed, interest, costs, and reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  April 16, 2014

PLAINTIFF MARK F. POULIN
By his Attorneys:

_____
Thomas H. Somers, Esq.
tsomers@bpflegal.com
Adam P. Bergeron, Esq.
abergeron@bpflegal.com
BERGERON, PARADIS &
FITZPATRICK, LLP
27 Main Street
Burlington, VT  05401
(802) 863-1191
